IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02695-LTB-RTG

NICHOLAS SCOTT WERLING,

    Plaintiff,

v.

USP FLORENCE ADMAX,
ANDREW MICHAEL CIOLLI, both in his individual capacity and in his official capacity as
    warden of USP Florence ADMAX and complex warden of FCC Florence,
ANDRE VAHE MATEVOUSIAN, both in his individual capacity and in his official capacity as
    BOP regional director of the North Central Region,
COLLETTE M.S. PETERS, both in her individual capacity and in her official capacity as
    director of the BOP,
WILLIAM W. LOTHROP, both in his individual capacity and in his official capacity as deputy
    director of the BOP,
KATHLEEN TOOMEY, both in her individual capacity and in her official capacity as
    associate deputy director of the BOP,
J. TODD, both in his individual capacity and in his official capacity as representative of
    Defendant Baime,
EUGENE E. BAIME, both in his individual capacity and in his official capacity as supervisory
    attorney for the BOP,
CHRISTINA TROIANI, both in her individual capacity and in her official capacity as the chief
    of the administrative appeals staff for the Office of Information Policy of the U.S.
    DOJ,
FEDERAL BUREAU OF PRISONS,
UNITED STATES DEPARTMENT OF JUSTICE, and
UNITED STATES OF AMERICA,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Richard T. Gurley, United States Magistrate Judge**

1

This matter comes before the Court on the Complaint (ECF No. 1)[1] filed *pro se* by Plaintiff, Nicholas Scott Werling, on September 27, 2024. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 8).

The Court must construe the Complaint liberally because Mr. Werling is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the filings to date. The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises. It is respectfully recommended that the Complaint be dismissed in part.

## I. DISCUSSION

**The Complaint**

Mr. Werling is a resident of Wisconsin. He asserts one claim pursuant to the Freedom of Information Act ("FOIA"). He alleges in support of the claim that he submitted a FOIA request to the Federal Bureau of Prisons ("BOP") seeking the names and register numbers of all 328 inmates housed at the United States Penitentiary, Administrative Maximum, in Florence, Colorado, as of April 18, 2024. He further alleges the FOIA request was denied pursuant to 5 U.S.C. § 552(b)(6) & (b)(7)(C), and that his administrative appeal also was denied for the same reasons. As relief Mr. Werling

---

[1] "(ECF No. 1)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

seeks damages and an order compelling disclosure of the requested records.

**FOIA**

The FOIA provides in relevant part that a district court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). The FOIA "does not create a right of action against individual employees of the agency." *Scherer v. United States*, 241 F.Supp.2d 1270, 1278 (D. Kan. 2003); *see also Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006).

Here, Mr. Werling seeks agency records from the BOP. Therefore, the BOP is the proper Defendant. To the extent Mr. Werling is asserting his FOIA claim against any other Defendant, the Court lacks jurisdiction to consider the claim. Mr. Werling's claims against individual BOP officials in their official capacities properly are construed as claims against the BOP, but those claims are repetitive of his claim against the BOP. Therefore, the Complaint should be dismissed to the extent Mr. Werling is asserting his FOIA claim against any Defendant other than the BOP.

The Complaint also should be dismissed to the extent Mr. Werling seeks damages as relief because the FOIA does not provide a private right of action for money damages. *Logan v. United States*, 272 F. Supp. 2d 1182, 1187 (D. Kan. 2003); *Scherer*, 241 F. Supp.2d at 1277.

The Court will not address at this time the merits of the FOIA claim asserted against the BOP seeking disclosure of BOP records.

## II. RECOMMENDATION

For the reasons set forth herein, it is respectfully

RECOMMENDED that the claims asserted against every Defendant other than the BOP and the claims for damages be dismissed for lack of jurisdiction. It is

FURTHER ORDERED that every Defendant other than the BOP be dismissed as a party to this action. It is

FURTHER RECOMMENDED that the claim asserted against Defendant Federal Bureau of Prisons be drawn to a presiding judge and, if applicable, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c).[2]

DATED October 16, 2024.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge

---

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).