IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02695-RMR-MDB

Nicholas Scott Werling,

    Plaintiff,

v.

Federal Bureau of Prisons,

    Defendant.

## ANSWER TO COMPLAINT (ECF NO. 1)

Defendant the Federal Bureau of Prisons hereby answers the allegations in Plaintiff Nicholas Scott Werling's Complaint, ECF No. 1. All allegations not specifically admitted are denied.

### A. Plaintiff Information

Defendant admits that Nicholas Werling is the Plaintiff in this matter. Defendant lacks knowledge or information sufficient to form a belief about the truth of Mr. Werling's contact information, except that Mr. Werling has answered email from the gothshooter_trenchcoat@protonmail.ch email address.

### B. Defendant(s) Information

The Federal Bureau of Prisons is the sole remaining defendant in this matter. *See* ECF No. 10 at 2. The listed information in Section B pertains to dismissed parties and does not require a response.

### C. Jurisdiction

This section is a legal conclusion to which no response is required.

### D. Statement of Claim(s)

Plaintiff's Statement of Claims does not include separately numbered paragraphs. In an effort to answer the allegations, Defendant has moved each sentence into a separately numbered paragraph below, and provides a response to each sentence.

CLAIM ONE:

Supporting facts:

1. On April 19, 2024 Plaintiff submitted a FOIA request to the Federal Bureau of Prisons requesting a) the full names of all 328 inmates at USP Florence ADMAX as of April 18, 2024, and b) the BOP register numbers of all 328 inmates housed at USP Florence ADMAX as of April 18, 2024.

**RESPONSE:** Defendant admits that Plaintiff submitted a FOIA request to the Federal Bureau of Prisons that was dated April 19, 2024, and sought "the full names of all 328 inmates at USP Florence ADMAX as of April 19, 2024" and "the BOP register numbers of all 328 inmates housed at USP Florence ADMAX as of April 19, 2024." Any remaining allegations in Sentence 1 are denied.

2. The BOP claims that they did not receive this FOIA request until May 1, 2024.

**RESPONSE:** Defendant admits that the FOIA request was received on May 1, 2024. Any remaining allegations in Sentence 2 are denied.

2

3. The BOP assigned this request a Request Number of 2024-03370.

**RESPONSE:** Admits.

4. On May 13, 2024, Plaintiff received a letter dated May 3, 2024 from the BOP informing Plaintiff that the BOP had denied Plaintiff's FOIA request, falsely claiming that disclosure of the records would invade another person's personal privacy.

**RESPONSE:** Defendant admits that Plaintiff was sent a letter dated May 3, 2024, in which Plaintiff's FOIA request was denied because disclosure of the records would, among other reasons, constitute an unwarranted invasion of personal privacy. Defendant lacks knowledge or information sufficient to form a belief about the specific date on which Plaintiff received the letter. All remaining allegations in Sentence 4 are denied.

5. The BOP thus falsely claimed also that they were exempt from disclosure of the records Plaintiff requested pursuant to 5 U.S.C. § 522(b)(6) and 5 U.S.C. § 522(b)(7)(C).

**RESPONSE:** Defendant admits that the May 3, 2024, letter references 5 U.S.C. § 552(b)(6) and 5 U.S.C. § 552(b)(7). All remaining allegations in Sentence 5 are denied.

6. The letter denying Plaintiff's request was signed "J. Todd, for/Eugene E. Baime, Supervisory Attorney".

**RESPONSE:** Defendant admits that the May 3, 2024, letter ends "Sincerely/J. Todd, for/Eugene E. Baime, Supervisory Attorney." Any remaining allegations in Sentence 6 are denied.

7. On or about May 3, 2024, Plaintiff appealed the BOP's determination to the U.S. Department of Justice's Office of Information Policy.

**RESPONSE:** Defendant admits that Plaintiff appealed the denial in a letter dated May 13, 2024. Any remaining allegations in Sentence 7 are denied.

8. The DOJ-OIP assigned this appeal an Appeal Number of A-2024-01800.

**RESPONSE:** Admits.

9. On September 21, 2024, Plaintiff received an [sic] letter dated September 17, 2024 from the DOJ-OIP.

**RESPONSE:** Defendant admits that a letter was sent to Mr. Werling dated September 17, 2024. Defendant lacks knowledge or information sufficient to form a belief about the day that Mr. Werling received it.

4

10. The letter said that the DOJ-OIP would be affirming the BOP's denial of the records request and cited the same two statutes that the letter from the BOP cited (5 U.S.C. § 522(b)(6) and 5 U.S.C. § 522(b)(7)(C)) as reasons for their refusal to disclose.

**RESPONSE:** Defendant admits that the correspondence says "I am affirming BOP's action on your request," and that the correspondence cites to sections 552(b)(6) and (7)(C). Defendant denies any remaining allegations in Setence 10.

11. The letter was signed "Christina Troiani/Chief, Administrative Appeals Staff".

**RESPONSE:** Admits.

12. It should be noted that this letter was incorrectly addressed and that whomever wrote the letter wrote the wrong prison-the letter says Plaintiff requested information about "USP Florence".

**RESPONSE:** Defendant states that Plaintiff's address on the letter matches Plaintiff's address as it was provided on the Complaint. Defendant admits that the September 17, 2024 letter says "USP Florence." Defendant denies any remaining allegations in Sentence 12.

13. In reality, Plaintiff requested information about USP Florence ADMAX.

**RESPONSE:** Defendant admits that Plaintiff's initial FOIA request said "USP Florence ADMAX."

14. It is clear that the DOJ-OIJ did not actually conduct a full review of Plaintiff's requests and instead just rubberstamped the BOP's denial.

**RESPONSE**: Denies.

15. This information Plaintiff is requesting will not invade anyone's personal privacy.

**RESPONSE:** Denies.

16. The register number and location of a prisoner is public record and can be accessed by anyone with internet access at https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results.

**RESPONSE:** Defendant admits that individuals who know an inmate's register number or full name can typically look up that individual prisoner's current location on Defendant's website. Defendant denies any remaining allegations in Sentence 16.

17. Information related specifically to notable current and former USP Florence ADMAX prisoners can be found on Wikipedia at https://en.wikipedia.org/wiki/List_of_current_inmates_at_ADX_Florence and at https://en.wikipedia.org/wiki/List_ of_ former_inmates _ at_ ADX Florence.

**RESPONSE:** Defendant admits that the referenced websites purport to have lists of individuals currently or previously incarcerated at USP Florence ADMAX, and contain some additional information. Defendant denies any remaining allegations in Sentence 17.

18. The names and BOP register numbers of certain prisoners at USP Florence ADMAX can also be found in cases on WestLaw, which is public record.

**RESPONSE:** Defendant admits that the names and/or register numbers of certain incarcerated individuals may be available in materials on Westlaw. Defendant further admits that some materials on Westlaw are public record. Defendant denies any remaining allegations in Sentence 18.

19. Moreover, every prisoner at ADX has their federal criminal record on PACER for all to see.

**RESPONSE:** Denies.

20. It's public record.

**RESPONSE:** Denies.

21. One could just go on PACER and find their names and put their names in the BOP inmate locator webpage.

**RESPONSE:** Denies.

22. The BOP and the DOJ-OIJ say that this info would invade privacy but they give absolutely no reasons why.

**RESPONSE:** Denies.

7

23. Because there are no reasons why this info would invade privacy, because it wouldn't.

**RESPONSE:** Denies.

### E. Request for Relief

This section of the Complaint constitutes Plaintiff's request for relief, to which no response is required. Moreover, Plaintiff's damages claims have already been dismissed. To the extent this portion of the Complaint is deemed to contain allegations of fact requiring a response, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

Pursuant to Federal Rules of Civil Procedure 8(b)(1)(A), 8(c)(1), and 12(b), Defendant states the following defenses and affirmative defenses to the claim in the Complaint.

1. Plaintiff fails to state a claim against Defendant for which relief can be granted.
2. Defendant complied with FOIA in its response to Plaintiff's request, including, without limitation, by properly applying exemptions to responsive documents. *See* 5 U.S.C. § 552(b).
3. The FOIA requests that are the subject of this lawsuit may implicate certain information that is protected from disclosure by one or more statutory exemptions. Disclosure of such information is not required.

4. The FOIA requests that are the subject of this lawsuit implicate information, the disclosure of which may be prohibited by law.

5. At all times alleged in the Complaint, the Defendant acted in good faith with justification and pursuant to authority.

6. This Court may be an improper venue for this matter. *See* 5 U.S.C. § 552(a)(4)(B).

7. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

8. Plaintiff is not entitled to costs or attorneys' fees. *See* 5 U.S.C. § 552(a)(4)(E).

9. Defendant reserves the right to withdraw or assert additional affirmative defenses based on information that is discovered during the litigation of this case.

Having fully answered the Complaint, Defendant requests that Plaintiff take nothing by this action, that the Complaint be dismissed, and that judgment be entered for Defendant, together with costs and other such relief as the Court deems appropriate in this case.

Respectfully Submitted this 13th day of January, 2025.

>MATTHEW T. KIRSCH
>United States Attorney
>
>*s/ Benjamin Kapnik*
>Benjamin Kapnik
>Assistant United States Attorney
>1801 California Street, Suite 1600
>Denver, Colorado 80202
>Telephone: (303) 454-0100
>Email: Benjamin.Kapnik@usdoj.gov
>
>Attorney for the Defendant

10

# CERTIFICATE OF SERVICE

      I hereby certify that on January 13th, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

      I further certify that on January 13th, 2025, I directed personnel of the United States Attorney's Office to mail the foregoing via U.S. Mail, to the following non-CM/ECF participants:

Nicholas Scott Werling
P.O Box 803
Sun Prairie, WI 53590-0809
*Pro se*

                                           *s/ Benjamin Kapnik*
                                           U.S. Attorney's Office